NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 15 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ULISES PENA-LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 25-2692<br><br>Agency No.<br>A206-090-631<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 21, 2026
Seattle, Washington

Before: HAWKINS, CLIFTON, and R. NELSON, Circuit Judges.

Petitioner Ulises Pena-Lopez, a native and citizen of Mexico, petitions for review of two orders from the Department of Homeland Security: (1) an order reinstating his prior removal order, and (2) a subsequent negative reasonable-fear determination. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We review "the IJ's determination that the alien did not establish a reasonable fear of persecution or torture for substantial evidence." *Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018) (citation omitted). We thus uphold the negative reasonable-fear determination unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (citation omitted). We review Pena-Lopez's procedural challenges to the removal reinstatement proceedings de novo. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008).

1.     To succeed on his claim for reasonable fear of persecution, Pena-Lopez had to establish a reasonable possibility that he "would be persecuted on account of his . . . race, religion, nationality, membership in a particular social group or political opinion." 8 C.F.R. § 208.31(c). Pena-Lopez stated that he had never been harmed or threatened, nor does he fear being harmed or threatened, on account of his race, religion, nationality, or political opinion. A petitioner's denial that he feared harm on a protected ground is enough to support a negative reasonable-fear determination based on persecution. *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1196 (9th Cir. 2021). When asked whether he had been harmed or threatened or fears being harmed or threatened "because of some characteristic that [] that makes [him] different from other people," he responded "yes, for being an illegal immigrant," which is not an established protected ground.

2. Substantial evidence supports the IJ's conclusion that Pena-Lopez failed to establish a reasonable possibility that any future torture would be committed with government acquiescence. Pena-Lopez's belief that the police told the cartel about the report relied on one piece of evidence from the interview with the asylum officer: after he reported the harm to the police, he heard a police officer in the back call someone and say: "There is a guy … pointing the finger at you." Pena-Lopez heard nothing else after this statement because he instantly fled, further testifying that "all the police left the station out of fear." This is a far cry from *Alvarado-Herrera*, where government acquiescence was shown by attacks from gang members who "dressed in police uniforms and displayed police badges." 993 F.3d at 1197. And while "[p]olice unwillingness to address cartel violence constitutes acquiescence," *Hermosillo v. Garland*, 80 F.4th 1127, 1133 (9th Cir. 2023), it is unclear if this experience meets that standard, given Pena-Lopez fled once he heard the police call an unknown person and say "[t]here is a guy … pointing the finger at you." The officer's conclusion that this testimony alone was insufficient to establish acquiescence is reasonable. Under substantial evidence, more is needed to compel any reasonable adjudicator to the contrary.

3. Pena-Lopez has not shown sufficient procedural defects to warrant relief. To determine whether Pena-Lopez was subject to reinstatement, the asylum officer had to determine (1) his identity, (2) whether he was subject to a prior

removal order, and (3) whether he unlawfully reentered the United States. 8 C.F.R. § 241.8(a). Once those facts were determined by the officer, Pena-Lopez could contest the determination, 8 C.F.R. § 241.8(b), which he did not do.

Pena-Lopez's challenge raises "procedural defects in [his] particular case[]." *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 496 (9th Cir. 2007) (en banc). He argues that the officers' lack of a signed warrant, alleged beating during detention, and the absence of counsel during the reinstatement hearing deprived him of "a meaningful opportunity to address the proposed reinstatement of his removal order." *Villa-Anguiano v. Holder*, 727 F.3d 873, 881 (9th Cir. 2013).

Pena-Lopez must "show prejudice to obtain relief for a due process violation based on denial of any right to counsel that may exist in reinstatement proceedings." *Ruiz v. Bondi*, 172 F.4th 673, 681 (9th Cir. 2026). He "must demonstrate that there were plausible scenarios in which the outcome of the proceedings would have been different had his counsel been present." *Id.* (cleaned up).

Pena-Lopez has not contested his identity at any point in these proceedings. *See* 8 C.F.R. § 241.8(a)(2) ("In *disputed* cases, verification of identity shall be accomplished by a comparison of fingerprints between those of the previously excluded, deported, or removed alien. . . .") (emphasis added). At all stages, he has identified himself as Ulises Pena-Lopez, the same as in the 2013 removal order. Pena-Lopez refused to sign or make a statement contesting the determination after

being presented with the opportunity to do so. In removal proceedings, "[t]he officer is free to afford an alien a reasonable opportunity to consult counsel and submit a response if the alien indicates an intent to do so." *Ruiz*, 172 F.4th at 681. Pena-Lopez did not make a statement challenging the determination, even after meeting with his attorney the following morning. Pena-Lopez's argument is "too speculative to establish the requisite prejudice." *Id.* (quoting *Bingham v. Holder*, 637 F.3d 1040, 1047 (9th Cir. 2011)).

**PETITION DENIED.**[1]

---

[1] All pending motions are DENIED.